UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAVID WAYNE PROFFITT )
)
v. ) NO. 2:04-CV-68
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff David Wayne Proffitt has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Proffitt was born in 1956 and was 47 years old at the time of his administrative hearing. [Tr. 185]. He received his GED and has relevant past work experience as a maintenance man and a meat cutter. [Tr. 14, 145, 185]. Mr. Proffitt alleges he is disabled as of March 19, 2002, from scar tissue in both of his lungs, coughing spells, depression, and chronic obstructive pulmonary disease [COPD]. [Tr. 15, 58]. Based upon a finding that Mr. Proffitt's respiratory impairments were severe but not severe enough, the Administrative Law Judge [ALJ] found that Mr. Proffitt

was not disabled as defined by the Social Security Act. [Tr. 17].

In March 2000, a pulmonary function test indicated Mr. Proffitt's lung volume and diffusion capacity were normal. [Tr. 110].

An echocardiogram performed on Mr. Proffitt in April 2000 indicated trace to mild tricuspid regurgitation, a trace of pulmonic insufficiency, a trace of mitral regurgitation, and mild pulmonary artery hypertension. [Tr. 109].

In October 2001, Mr. Proffitt was examined by Dr. Angela Merrifield because he was suffering from "spells." [Tr. 156]. These "spells" were suddenly occurring coughing fits which make him feel lightheaded. [*Id.*]. The doctor ordered some tests to rule out seizures and a brain mass. [Tr. 154]. That same month, an MRI of Mr. Proffitt's head was unremarkable. [Tr. 159].

In December 2001, Mr. Proffitt complained to Dr. Merrifield about rib pain following a fall from his bed. [Tr. 149]. The doctor gave him a work excuse through the following day because of his severe pain. [Tr. 148].

Later in December 2001, Dr. Craig Lapham, a neurologist, evaluated Mr. Proffitt. [Tr. 113-15]. The doctor noted that Mr. Proffitt smoked a pack of cigarettes a day for the past 21 years. [Tr. 113]. Mr. Proffitt was in for the appointment because he had been having "spells" where he "feels like he is going blind but can still hear people but they sound far away" and was "light headed, dizzy and sometimes

2

staggers." [*Id.*]. An EEG examination was performed on Mr. Proffitt that same month to rule out seizures as the cause of the "spells." [Tr. 115]. The EEG revealed normal results. [*Id.*].

In March 2003, Mr. Proffitt's former employer completed a form detailing Mr. Proffitt's performance at the company. [Tr. 70-72]. According to the form, Mr. Proffitt missed a lot of work, often arrived late or left early, often took issue with work procedures and how other employees acted, was argumentative and poorly groomed, responded poorly to chance, did not accept criticism very well, was angry and hard to communicate with, and refused to complete assignments unless confronted by his supervisor. [*Id.*].

In April 2003, Karl Konrad, Ph.D., M.D., evaluated Mr. Proffitt in connection with his application for disability benefits. [Tr. 116-22]. Mr. Proffitt "engaged in forced rapid breathing with intermittent wheezing" during the evaluation. [Tr. 117]. A chest x-ray indicated Mr. Proffitt had a normal chest with incomplete inspiratory effort. [Tr. 118]. Based on his findings, Dr. Konrad indicated Mr. Proffitt did not have any impairment-related physical limitations. [*Id.*].

In May 2003, Dr. Marvin Cohn evaluated Mr. Proffitt in connection with his application for disability benefits. [Tr. 123-28]. According to Dr. Cohn, Mr. Proffitt could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and

3

sit/stand/walk about six hours in an eight-hour workday. [Tr. 124]. He could never perform a job that required balancing and should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. [Tr. 125-26].

Also in May 2003, Mr. Proffitt saw a doctor with complaints of difficulty breathing that had continued on a daily basis for several years. [Tr. 137]. Mr. Proffitt was given an inhaler. [Tr. 138]. About a week later, Mr. Proffitt returned for a follow-up appointment and reported that he was unable to tell if he was breathing much better. [Tr. 135]. In June 2003, he continued to complain of chest tightness. [Tr. 133]. That same month, his doctor completed a Food Stamp Request for Medical Information form indicating that Mr. Proffitt was unable to work for three months because of his COPD. [Tr. 132].

In August 2003, Mr. Proffitt continued to experience his "spells." [Tr. 164]. He was encouraged not to drive. [Tr. 165].

In September 2003, Mr. Proffitt reported that the "spells" had become less frequent. [Tr. 162].

At Mr. Proffitt's administrative hearing held on October 16, 2003, the testimony of Mr. Proffitt and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 185-95]. Mr. Proffitt testified his last job was as a welder and maintenance worker. [Tr. 185-86]. He indicated his most serious problem that prevented him from

working was his shortness of breath. [Tr. 186]. Mr. Proffitt also has wheezing, chronic coughing, and chest pain for which he takes medication. [Tr. 187]. He occasionally has "spells" during which he coughs and passes out. [*Id.*]. Mr. Proffitt testified he has about 30 "spells" a month. [Tr. 188]. He continues to smoke one pack of cigarettes a day. [Tr. 189]. Mr. Proffitt testified he used a nebulizer four times a day, for five to seven minutes each time. [Tr. 190].

Vocational expert Dr. Robert Spangler testified next. [Tr. 192-95]. He testified Mr. Proffitt's previous relevant work was medium and heavy, semi-skilled. [Tr. 192]. The ALJ then asked the vocational expert to consider a man of Mr. Proffitt's height, weight, education, and work background who had a residual functional capacity [RFC] for light work activity and must avoid activities around dust and other respiratory irritants and exposure to temperature extremes as well as hazardous work around dangerous machinery and unprotected heights. [Tr. 193]. The vocational expert testified such a person could perform work as a cashier, interviewer, information clerk, record clerk, factory messenger, general office clerk, assembler, and hand packer. [Tr. 193-94]. If such a person had to miss more than one day a month of work, he would be terminated. [Tr. 194]. And, if such a person had to use a nebulizer four times a day, employers would not be "very tolerant" of the need for so many breaks, according to the vocational expert. [*Id.*].

5

The ALJ ruled that Mr. Proffitt was not disabled because his respiratory ailment was not severe enough under Social Security definitions. [Tr. 17]. The ALJ found that Mr. Proffitt could perform light work, as long as there was no exposure to dust or other respiratory irritants or to hazards like dangerous machinery and unprotected heights. [Tr. 17, 20]. Mr. Proffitt could, according to the ALJ, work as a cashier, interviewer, information clerk, messenger, office clerk, assembler, and hand packer. [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Proffitt requests a judgment on the pleadings and challenges the ALJ's dismissal of some of the vocational expert's testimony. The vocational expert was

6

Case 2:04-cv-00068   Document 16   Filed 05/23/05   Page 6 of 8   PageID #: 6

asked by Mr. Proffitt's attorney, "How tolerant are employers of using a nebulizer four times a day?" [Tr. 194]. The vocational expert responded, "Well for [*sic*] that would exceed the break period and the lunch period allowed for that. So they wouldn't be very tolerant." [*Id*.]. Mr. Proffitt contends the ALJ erred by not accepting the vocational expert's testimony as evidence of his work-related limitations.

Mr. Proffitt's attorney's question to the vocational expert was ambiguous and perhaps misunderstood. Mr. Proffitt testified at his administrative hearing that he had to use a nebulizer four times a day, for five to seven minutes each time. [Tr. 190]. When the vocational expert answered the question by stating that employers would not be "very tolerant" of nebulizer use four times a day, was he meaning four times a workday or four times in a 24-hour day? For that matter, was Mr. Proffitt's attorney meaning four times a workday or four times in a 24-hour day? Because the question asked of the vocational expert and his subsequent answer were ambiguous, this court remands the case to the Commissioner for further development of the evidence with regard to the impact Mr. Proffitt's nebulizer use has on his ability to perform a job.

Accordingly, the defendant's motion for summary judgment will be denied, Mr. Proffitt's motion for summary judgment will be granted in part, and this action will be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),

7

for further development of the evidence with regard to how Mr. Proffitt's nebulizer use impacts his ability to work.

An appropriate order will follow.

ENTER:

                                           s/Thomas Gray Hull
                                           THOMAS GRAY HULL
                                              SENIOR U. S. DISTRICT JUDGE